UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOE HALE,**

    Plaintiff,

v.                                                         **No. 4:24-cv-00455-P**

**JONATHAN R. WALTERBACH,**

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Officer Jonathan R. Walterbach ("Officer Walterbach")'s Motion to Dismiss (ECF No. 14). For the reasons set out below, Officer Walterbach's Motion is **DENIED**.

## BACKGROUND

Plaintiff Joe Hale ("Hale") filed this lawsuit on May 17, 2024, against Officer Walterbach alleging two claims under 42 U.S.C § 1983 for violations of the Fourth Amendment. Specifically, Hale brings claims for excessive use of force and unlawful arrest. Officer Walterbach filed the present Motion on July 12, 2024, arguing that Hale's claims should be dismissed because he is entitled to qualified immunity.

Hale's claims arise out of an incident that occurred on or about May 21, 2022, when Officer Walterbach arrived at Hale's residence in response to a domestic dispute 9-1-1 call that was placed by Hale's wife ("Mrs. Hale"). Upon arrival, Officer Walterbach was informed by Hale that Mrs. Hale had slapped him twice. After Mrs. Hale confirmed that she had slapped Hale, Hale announced that he was leaving and began walking to his car. Officer Walterbach instructed Hale to stop walking away and stated that Hale was "not going anywhere right now." In coordination with his statements, Officer Walterbach grabbed Hale's shoulder. A few seconds after letting go of Hale's shoulder, Officer Walterbach tackled Hale to the ground and, thereafter, placed him under arrest for resisting arrest. As a result of the incident, Hale

required four surgeries and two skin grafts to fix his torn rotator cuff, broken ribs, and broken collarbone.

## LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their

veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## B. Qualified Immunity

The doctrine of qualified immunity "protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016). "This immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 335 (1986)). "Accordingly, we do not deny immunity unless 'existing precedent [has] placed the statutory or constitutional question beyond debate.'" *Id.* at 599–600 (citation omitted). To defeat qualified immunity, a plaintiff must show: "(1) that the official violated a statutory or constitutional right; and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* at 600.

"If the defendant's actions violated a clearly established constitutional right" courts examine "whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (internal quotations omitted). Courts must focus on the state of the law at the time of the incident and whether it provided fair warning to the defendant that his conduct was unconstitutional. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). The caselaw must establish beyond debate that the officer's conduct violated then-clearly established law. *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020). Plaintiffs must "identify a case in which an officer acting under similar circumstances was held to [have committed a constitutional violation] and explain why the case clearly proscribed the conduct of the officer." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) (citation amended). "It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quotations and citation omitted).

Though this test appears to be straightforward, its application in the Fifth Circuit is often a morass of unpredictability. *Compare Crane v.*

*City of Arlington*, 50 F.4th 453, 458 (5th Cir. 2022) (relying in part on extra-record sources such as the New York Times and The Guardian in finding no qualified immunity for an officer's use of deadly force where suspect resisted arrest and ran over another officer with his vehicle) *with Ramirez v. Guadarrama*, 844 F. App'x 710, 712–17 (5th Cir. 2021) (holding that qualified immunity barred suit when officers found a suspect doused in gasoline, knew their tasers would ignite him, and quickly tased him, "causing him to burst into flames"). This uneasy analysis has been called the "QI dance." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

## ANALYSIS

Officer Walterbach argues that he is entitled to qualified immunity on both of Hale's claims. *See generally* ECF No. 14. Hale, in contrast, asserts that Officer Walterbach is not entitled to immunity. ECF No. 19 at 17–19. The Court will begin with Hale's excessive force claim and conclude with his unlawful arrest claim.[1]

### A. Hale's Excessive Force Claim

Officer Walterbach argues that he is entitled to qualified immunity on Hale's excessive force claim because Hale has failed to sufficiently plead such a claim. ECF No. 14 at 8–11. Additionally, Officer Walterbach claims that even if the Court finds that Hale has sufficiently pled an excessive force claim, such a violation was not clearly established. *Id.* at 11–13. In response, Hale asserts that he has sufficiently alleged his claim, and that this is an obvious case, excusing him from having to provide a case sufficiently on point. ECF No. 19 at 8–14, 17–19).

#### 1. Hale has sufficiently pled his excessive force claim

"'To overcome [an officer's] claim of qualified immunity on [a] claim of excessive force, [a plaintiff] must show (1) an injury, (2) which resulted

---

[1]Officer Walterbach also argues that Hale's claim for punitive damages should be dismissed with his constitutional claims as it is not a standalone claim. ECF No. 14 at 13–14. Because, as discussed below, Officer Walterbach's Motion is denied on the constitutional claims, it is also **DENIED** on the punitive damages claim.

directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Terrell v. Allgrunn*, No. 23-30723, 2024 WL 3948595, at *6 (5th Cir. 2024) (quoting *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012)). "'[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts must pay "'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* Courts must "'focus [] on the officers' reasonable perception of the events at issue, as they happened, without the aid of hindsight, multiple viewing angles, slow motion, or the ability to pause, rewind, and zoom.'" *Id.* (quoting *Tucker v. City of Shreveport*, 998 F.3d 165, 176 (5th Cir. 2021) (cleaned up)).

As a preliminary matter, the Parties do not dispute that Hale suffered multiple injuries from the incident. However, the Parties do dispute whether the force used was objectively reasonable in light of the circumstances. Hale has pled that he "was standing still and compliant with Defendant Walterbach's command to stop walking, was not resisting arrest, and not threatening anyone" when Officer Walterbach tackled him. ECF No. 1 at 11. In contrast, Officer Walterbach accuses Hale of selectively omitting facts that would show his takedown to be reasonable under the circumstances. ECF No. 14 at 8–11. Officer Walterbach may be correct that Hale is cherry-picking facts to create a narrative that Officer Walterbach tackled and injured a man who was doing nothing wrong. But at this stage, the Court does not go beyond the allegations of Hale's Complaint to make such factual determinations.

Based on Hale's pleadings, at the time Officer Walterbach tackled Hale to the ground, Hale "had complied with Defendant's command to stop walking toward his truck." ECF No. 1 at 12. Additionally, Hale has pled that "he never made any threatening statements, never made any threatening gestures or postures toward anyone, never raised his voice, and was not holding a weapon." *Id.* at 12–13. In fact, Hale has pled that he was the

victim—not the perpetrator—of the domestic abuse, as Mrs. Hale had slapped him. *Id.* at 14. These allegations, taken as true for purposes of this motion, sufficiently allege that Officer Walterbach's use of force was objectively unreasonable. Thus, the Court finds that Hale has sufficiently pled his excessive force claim.

    2.  <u>The alleged violation was clearly established</u>

In his Motion, Officer Walterbach claims that Hale cannot satisfy the second prong of the qualified immunity test because "even if the Court overlooks the paucity of detail in Plaintiff's pleadings . . . Plaintiff is unable to cite to a case of controlling authority, wherein a court considered facts sufficiently similar to the particular facts of this case. . . ." ECF No. 14 at 13. However, as pointed out by Hale, the Fifth Circuit has consistently held that "a police officer uses excessive force when the officer strikes, punches, or violently slams a suspect who is not resisting arrest." *See Ruben Cantu, v. Christian Tamez, et al.*, No. 23-40673, 2024 WL 4057575, at \*2 (5th Cir. 2024) (quoting *Darden v. City of Fort Worth*, 880 F.3d 722, 732 (5th Cir. 2018) (collecting cases)); *see also Curran v. Aleshire*, 800 F.3d 656, 663 (5th Cir. 2015) (finding no legal error in a district court's conclusion that "slamming a student's head into the wall after her resistance had ceased is a violation of clearly established law"). As discussed above, Hale has pled that he was not resisting arrest and was complying with Officer Walterbach's orders when he was tackled. Thus, the Court finds that the alleged conduct violated a clearly established right under *Darden* and its progeny. *See, e.g., Spiller v. Harris Cnty., Texas*, No. 22-20028, 2024 WL 4002382, at \*4 (5th Cir. 2024) (finding that "the right to be free from excessive force was clearly established at the time of the violation in this case."); *see also Arreola as Next Friend of Vallejo v. City of Fort Worth*, No. 4:17-CV-00629-P, 2020 WL 3404120, at \*7 (N.D. Tex. June 19, 2020) (Pittman, J). Accordingly, Officer Walterbach's Motion is **DENIED** as to Hale's excessive force claim.

## B. Hale's Unlawful Arrest Claim

The Court turns now to Hales' unlawful arrest claim. It is well settled that in the context of a claim for unlawful arrest, Hale must show an absence of probable cause. *See, e.g., Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001).

Probable cause is present "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Levine,* 80 F.3d 129, 132 (5th Cir.1996). In this case, similar to his arguments on Hale's excessive force claim, Officer Walterbach accuses Hale of omitting certain facts that would show that he had probable cause to arrest Hale. ECF No. 14 at 6–8. Specifically, Officer Walterbach claims that Hale was not complying with his orders, which the Fifth Circuit has found sufficient to establish probable cause. *Id.; see, e.g., Childers v. Iglesias,* 848 F.3d 412, 415 (5th Cir. 2017) (reasonable officer could have believed probable cause existed where arrestee "failed to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech").

In response, Hale asserts that he was complying with Officer Walterbach's orders when he was tackled and did not fight back even after being tackled. ECF No. 19 at 14–15. Additionally, Hale claims that he complied with Officer Walterbach's order to roll onto his stomach despite having numerous broken bones and that he was not told he was under arrest until after being placed into the squad car. *Id.* at 15.

Again, while Hale may be cherry-picking certain facts to fit his narrative of the incident, it is improper—for the purpose of a motion to dismiss—for the Court to resolve the factual dispute regarding Hale's compliance with Officer Walterbach's orders. While it is possible that ultimately it may be decided that Officer Walterbach had probable cause for the arrest, at this stage the Court must take Hale's pleadings as true and look at them in a light most favorable to him. Thus, the Court finds that Hale has sufficiently pled that Officer Walterbach lacked probable cause to arrest him. Consequently, Hale has sufficiently pled his unlawful arrest claim, which is clearly established under Fifth Circuit precedent. *See Gorsky v. Guajardo*, No. 20-20084, 2023 WL 3690429, at *9 (5th Cir. 2023) (affirming the district court's denial of qualified immunity on a false arrest claim because there was a factual dispute over whether the arrestee was complying with the officer's

orders). Accordingly, Officer Walterbach's Motion is **DENIED** with regard to Hale's false arrest claim.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Officer Walterbach's Motion to Dismiss (ECF No. 14). It is further ordered that the stay previously implemented by the Court (ECF No. 15) is hereby lifted.

**SO ORDERED** on this **24th day** of **September 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE